PAE AO 241
(Rev. 05/2018)

Page 4

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|
| **Name (under which you were convicted):** <br> John G. Berg | **Docket or Case No.:** 2-19-CU-01275-PK <br> CP-23-CR-0006201-2016 |
| **Place of Confinement:** <br> Delaware County Probation | **Prisoner No.:** <br> N/A |
| **Petitioner** (Include the name under which you were convicted) <br> John G. Berg | **Respondent** (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner): <br> Delaware County Probation Dept. |

V.

The District Attorney of the County of: _N/A_

and

The Attorney General of the State of: _N/A_

---

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   _Delaware County Court of Common Pleas_

   (b) Criminal docket or case number (if you know): _CP-23-CR-0006201-2016_

2. (a) Date of judgment of conviction (if you know): _10/25/17_

   (b) Date of sentencing: _10/25/17_

3. Length of sentence: _18 Months Probation_

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: _Indecent assault_

PAE AO 241
(Rev. 05/2018)

6.   (a)  What was your plea?  (Check one)

☐ (1)    Not Guilty          ☐ (3)    Nolo contendere (no contest)

☑ (2)    Guilty              ☐ (4)    Insanity plea

(b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  _____ N|A _____

_____

_____

_____

_____

(c)  If you went to trial, what kind of trial did you have? (Check one)

☐ Jury          ☐ Judge only          N|A

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes          ☑ No

8.   Did you appeal from the judgment of conviction?

☐ Yes          ☑ No

9.   If you did appeal, answer the following:

(a)  Name of court: _____

(b)  Docket or case number (if you know): _____ N|A _____

(c)  Result: _____

(d)  Date of result (if you know): _____

(e)  Citation to the case (if you know): _____

(f)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g)  Did you seek further review by a higher state court?

☐ Yes          ☑ No

PAE AO 241
(Rev. 05/2018)

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes          ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes          ☐ No

10.    If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Delaware County Court of Common Pleas_

(2) Docket or case number (if you know): _CP 23-CR-0006201-2016_

(3) Date of filing (if you know): _10/1/18_

(4) Nature of the proceeding: _Post Conviction Relief Act_

(5) Grounds raised: _Ineffective assistance of counsel_

_____

_____

_____

_____

_____

_____

_____

PAE AO 241
(Rev. 05/2018)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7) Result: _____ N|A

(8) Date of result (if you know): Peticon Dismissal on 1/7/19 about Ferity

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____ N|A

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7) Result: _____

(8) Date of result (if you know): _____ N|A _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

PAE AO 241
(Rev. 05/2018)

Page 8

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

*— Superior Court appal Pending*
*at*
*192 EDA 2019*

| | | | | |
|---|---|---|---|---|
| (1) | First petition: | ☑ Yes | ☐ No | |
| (2) | Second petition: | ☐ Yes | ☐ No | |
| (3) | Third petition: | ☐ Yes | ☐ No | |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

11. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** *Ineffective Assistance of Counsel*

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*See Attached counseled petition*
*— Failure to investigate defense, failure to*
*consult with or call favorable witnesses,*
*failure to prepe a defense, inadequate*
*advice about plea offer*

PAE AO 241
(Rev. 05/2018)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____Exhaustion currently underway at 192 EDA 2019_____

_____

_____

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes    ☐ No    No Direct Appeal

    (2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _PCRA Petition_

        Name and location of the court where the motion or petition was filed:

        _Delware County Court of Common Pleas_

        Docket or case number (if you know): _CP-23-CR-0006201-2016_

        Date of the court's decision: _1-7-19_

        Result (attach a copy of the court's opinion or order, if available): _____

        _See Attached_

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☑ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: _Del. Cnty Court of CP_

        Docket or case number (if you know): _192 EDA 2019_

        Date of the court's decision: _Still Pending_

PAE AO 241
(Rev. 07/10)

Result (attach a copy of the court's opinion or order, if available): _____

_____ S till Prd oy _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____ N | A _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____ N | A _____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____ N | √A _____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes      ☐ No

PAE AO 241
(Rev. 07/10)                                                                                                                                    Page 11

(2)  If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

**(d)  Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes        ☐        No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion or petition?                    ☐  Yes        ☐  No

(4)  Did you appeal from the denial of your motion or petition?              ☐  Yes        ☐  No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes        ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
☐ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

PAE AO 241
(Rev. 07/10)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

PAE AO 241
(Rev. 07/10)

Page 14

_____

_____

_____

(b)   If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes        ☐ No

(2)   If you did not raise this issue in your direct appeal, explain why? _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☐ No

(2)   If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)   Did you receive a hearing on your motion or petition?        ☐   Yes        ☐   No

(4)   Did you appeal from the denial of your motion or petition?        ☐   Yes        ☐   No

PAE AO 241
(Rev. 07/10)                                                                                          Page 15

    (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

          ☐ Yes      ☐ No

    (6)  If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: _____

        _____

        Docket or case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

        _____

        _____

    (7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
        issue: _____

        _____

        _____

        _____

  (e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
      etc.) that you have used to exhaust your state remedies on Ground Four: _____

      _____

      _____

      _____

      _____

      _____

12.    Please answer these additional questions about the petition you are filing:

  (a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court
      having jurisdiction?

        ☐ Yes      ☑ No

      If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
      presenting them: _____ Currently in Progress _____

      _____

      _____

      _____

PAE AO 241
(Rev. 07/10)

(b) Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____ NO _____
_____
_____

13.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☐ Yes        ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____
_____
_____
_____
_____
_____

14.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☑ Yes        ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: ___Superior Court    192 EDA 2019___
_____
_____

15.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___Erik Baravi, ESa___

(b) At arraignment and plea: ___Erik Baravi, ESa___

PAE AO 241
(Rev. 07/10)

Page 17

(c)  At trial: _____ N/A _____

(d)  At sentencing: ___ Erick Danari, ESQ _____

(e)  On appeal: _____ No Appeal _____

(f)  In any post-conviction proceeding: ___ Todd Mosser, ESQ (undersigned) ___

(g)  On appeal from any ruling against you in a post-conviction proceeding: _____
_____ Todd Mosser, ESQ (undersigned) _____

16.  Do you have any future sentence to serve after you complete the sentence for the judgment that you
are challenging?

☐ Yes        ☑ No

(a)  If so, give the name and location of the court that imposed the other sentence you will serve in the
future: _____

(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the other sentence: _____

(d)  Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be
served in the future?

☐ Yes        ☐ No

17.  **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar
your petition* ___ Petition filed while PCRA was pending ___
___ This is a timely filed §2254 ___

PAE AO 241
(Rev. 07/10)

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Vacat the Jevent of Sentence and order a new trial_

or any other relief to which petitioner may be entitled.

_Todd M. Mosse, ESQ_
Signature of Attorney (if any)

PAE AO 241
(Rev. 07/10)

Page 19

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ 6|26|19 _____ .

(month, date, year)

Executed (signed) on _____ 6|26|19 _____ (date).

_____
Signature of Petitioner

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition. _Todd Mosser is counsel for petitioner, who is unavailable at this time to sign, above signel is signing and filing with Petitioner's permission_

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (✗)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 3/27/19 | Todd M. Mosser | John Berg |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-567-1220 | 215-456-9100 | Todd@mosserlegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _211 North 13th Street, Suite 801, Philadelphia, PA 19107_

Address of Defendant: _201 West Front Street, Media, PA 19063_

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/27/19_ _____ _89534_
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☒ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Todd M. Mosser_, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: _3/27/19_ _____ _89534_
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CRIMINAL**

**COMMONWEALTH OF PENNSYLVANIA** | **CP-23-CR-6201-2016**

**V.**

**JOHN G. BERG**

# NOTICE OF INTENT TO DISMISS

**AND NOW**, to wit, this ___12th___ day of November, 2018 upon

consideration of Defendant's counseled PCRA Petition," and the

Commonwealth's Answer thereto, and having conducted an independent review

of the record, in the above matters, the Court, having concluded that there are

no genuine issues concerning any material fact and that Petitioner is not entitled

to post-conviction relief, and no purpose would be served by any further

proceedings, hereby **notices the parties of its intent to dismiss** the PCRA

Petition, filed on October 1, 2018 in the above-captioned matter without a

hearing and sets forth the following:

1) On October 25, 2017, Defendant entered a negotiated guilty plea in the
   above captioned matter; and immediately thereafter, this Court sentenced
   the Defendant, consistent with the terms of the negotiated plea.

2) Section 9543 of the PCRA provides in part:

   "To be eligible for relief under this subchapter, the petitioner
   must plead and prove by a preponderance of the evidence
   all of the following:

1

\* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

3) Section 9545 of the PCRA "Jurisdiction and Proceedings," provides in

pertinent part:

b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

2

Supreme Court of Pennsylvania after the time period
provided in this section and has been held by that court to
apply retroactively.

(2) Any petition invoking an exception provided in
paragraph.

(1) Shall be filed within 60 days of the date the claim could
have been presented.

(3) For purposes of this subchapter, a judgment becomes
final at the conclusion of direct review, including
discretionary review in the Supreme Court of the United
States and the Supreme Court of Pennsylvania, or at the
expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials"
shall not include defense counsel, whether appointed or
retained.

4) The time limits set forth in Section 9545 of the PCRA implicate the
jurisdiction of the court. Commonwealth v. Marshall, 947 A.2d 714 (Pa.
2008).

5) This frivolous Petition is timely.

6) "The right to an evidentiary hearing on a post-conviction petition is not
absolute. A PCRA court may decline to hold a hearing if the petitioner's
claim is patently frivolous and is without a trace of support in either the
record or from other evidence." Commonwealth v. Payne, 794 A.2d 902,
906 (Pa. Super. 2002). "The controlling factor in determining whether a
petition may be dismissed without a hearing is the status of the
substantive assertions in the petition." Id. *quoting* Commonwealth v.
Weddington, 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987).

3

Petitioner may respond to this Notice of Intent to Dismiss Without Hearing within twenty (20) days of the date of this notice. Should Petitioner fail to respond to this notice within the aforementioned time, an order dismissing Petitioner's Motion for Post Conviction Collateral Relief shall be entered.

BY THE COURT:

George A. Pagano,                           J.

cc: A. Sheldon Kovach, Esquire
    Todd M. Mosser, Esquire

4

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :   CP-23-CR-6201-2016
                  **vs.**             :
                             :
JOHN G. BERG                :
                             :

## O R D E R

**AND NOW,** to wit, this _____7th_____ **day of January, AD, 2019,** upon consideration of Defendant's Motion for Post Conviction Collateral Relief, and the Commonwealth's Response thereto, it is hereby ORDERED and DECREED that said Motion is DISMISSED.

Defendant has the right to appeal the decision of the Court. Such appeal must be in writing and be filed with the Office of Judicial Support of Delaware County within thirty (30) days after the entry of this Order.

BY THE COURT:

George A. Pagano, Judge

1

cc: A. Sheldon Kovach, Esquire
    Todd M. Moser, Esquire

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John G. Berg
Petitioner         :  No._____
   VS.          :
               :
Delaware County Probation Department :
Respondent

COUNSELED PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY PURSUANT TO 28 U.S.C. §2254

THE HONORABLE JUDGES OF SAID COURT:

## I. BACKGROUND

1. At CP-23-CR-0006201-2016, Berg entered a negotiated guilty plea to one
   count of indecent assault (without consent of other) on October 25, 2017.

2. Berg was sentenced to eighteen months' sex offender's probation, and 15
   years on the Sex Offenders' list, a lifetime sentence for a seventy-seven
   year old man.

3. Berg is currently serving that term of probation. Said term expires on April
   24, 2019.

## II. FACTS

4. In the affidavit of probable cause, the alleged victim, Rose Sabatino
   claimed that on June 8, 2016, at around 8:30 am, she appeared at Berg's
   home to interview for a housekeeping job.

1

5. According to Sabatino, Berg opened her vehicle door and directed her to his garage. Berg then supposedly put his hand on her shoulder and directed her into a mudroom.

6. Sabatino claims that once they were inside the mudroom, Berg closed the mud room door, then placed both his hands on the victim's shoulders and turned her towards him. She claimed that Berg pulled her body towards his and began to fondle her breasts over her shirt. She further claimed that Berg also fondled the victim's genital area over her pants. She also claimed that Berg took her right hand and forced it onto the outside of his genital area.

7. At the preliminary hearing in this matter, Sabatino claimed that Berg used "force," "pulled me close to him tight;" he "held me against him tight;" "very tight." *See,* N.T. 9/29/16 at 11-12.

8. Sabatino specifically claimed that she engaged in a physical struggle with Berg and that she could not escape from his grasp. She testified that the encounter only ceased when Berg let her go after she promised him she would return later in the day. *See,* N.T. 9/29/16 at 16.

9. Sabatino claimed the event could have lasted longer than five to ten minutes. *See,* N.T. 9/29/16 at 23.

2

10. She claimed that the more she pushed Berg, the "tighter he pulled." *See,* N.T. 9/29/16 at 24.

11. At the conclusion of the preliminary hearing, Berg was held over on the charges of indecent assault (without consent), indecent assault (forcible compulsion), unlawful restraint, and false imprisonment.

12. Berg hired Arik Benari, Esquire ("prior counsel"), to represent him at trial.

13. Prior counsel did not adequately prepare for trial, despite Berg's repeated requests to conduct the meaningful preparations and vitally important measures hereafter discussed.

14. On the day jury selection was set to begin, it had become apparent to Berg that his lawyer was woefully unprepared.

15. Considering the lack of sufficient and proper preparation, Berg was required and indeed induced to plead guilty. Berg was susceptible to such inducement because it was obvious that his lawyer was not properly and adequately prepared for trial.

16. Berg avers herein that he is entitled to relief as a result of ineffective assistance of prior counsel which deprived him of his federal Constitutional rights under the Sixth Amendment.

3

## III. BERG RECIEVED INEFFECTIVE ASSISTANCE OF COUNSEL

17. Prior counsel's advice to plead guilty was outside the range of competence demanded of criminal attorneys because he forfeited a viable, and likely successful defense and abandoned an investigation into that defense. This induced Berg to plead guilty.

18. As a threshold matter, Sabatino's claim is utterly untruthful and motivated by nefarious concerns.

19. The truth is that Sabatino had a financial motive to lodge her allegations against Berg.

20. In particular, Ms. Sabatino's "fiancé," Ronald Baroni, subsequently called Mr. Berg threatened to kill him, falsely accused him of "raping" his "wife," namely Plaintiff Sabatino, and demanded that he do something about it, i.e., pay money as extortion. When Mr. Berg refused, Sabatino continued with her criminal complaint against Berg, falsely concocting inflammatory allegations against him. She also filed a civil suit against him.

21. Moreover, Berg's physical limitations make it impossible for him to have committed the actions that Sabatino alleged.

22. In light of these physical limitations, Mr. Berg posted an advertisement on care.com in December of 2015 seeking to hire a housekeeper.

4

Curiously, Plaintiff Sabatino's adult daughter, Nichole Sabatino, interviewed for the same housekeeper position at Mr. Berg's residence in December of 2015. Sabatino now admits in her Answer to Mr. Berg's New Matter and Counterclaims that she also interviewed for the same position in December of 2015 and was inside the Berg residence at that time also.

23. Therefore, contrary to the allegations in the Complaint, and contrary to her criminal allegations, Sabatino knew her way to the Berg residence long before the alleged June 8, 2016 incident, and she knew her way around the inside of it. However, neither Ms. Sabatino nor her daughter was offered the job. Significantly, neither claims that any inappropriate conduct occurred during their December interviews with Mr. Berg inside the Berg home.

24. Plaintiff Sabatino was determined to get back inside the home.

25. In May of 2016, after both Ms. Sabatino and her daughter were inside Mr. Berg's residence without incident, Ms. Sabatino contacted Mr. Berg on multiple occasions in an attempt to set up another interview at his residence. Mr. Berg responded that he did not remember previously interviewing her, but agreed to conduct an interview at his residence on June 8, 2016.

5

26. The interview was scheduled for between 8:00 a.m. and 8:30 a.m., although Mr. Berg requested that Ms. Sabatino arrive on the earlier side of that timeframe because he had a meeting at 9:00 a.m. He had no idea that this interview request was all part of Plaintiff Sabatino's scheme to troll for a potential shake down.

27. Sabatino now admits that the night before the interview she drove by the Berg residence with her adult son. Despite admitting that she had already been to and inside the Berg home previously, Ms. Sabatino alleged that she reconnoitered the Berg home so that she would not get lost or be late for the interview.

28. As aforementioned, Berg was physically incapable of committing the acts that Sabatino alleged.

29. Berg suffered an aortic dissection on November 31, 2009 and was subjected to a six-hour, open heart operation on the morning of December 1, 2009.

30. An aortic dissection is a serious condition in which the inner layer of the aorta, the large blood vessel branching off near the heart, tears. Blood surges through the tear causing inner and middle layers of the aorta to separate (dissect). If the blood-filled channel ruptures through the outside of the aortic wall, aortic dissection is often fatal.

6

31. Aortic dissection is relatively uncommon. The condition occurs most frequently in men in the 60s and 70s. Mr. Berg's disease manifested when he was 68.

32. Berg's operation did not treat a continuing dissection in his right Hemiarch for an acute type A aortic dissection because of the limitations imposed by the endurance of the human body. He suffers from: a residual dissection in the arch extending into right carotid, left subclavian, and bilateral iliac arteries.

33. Mr. Berg has and will continue to suffer from an abnormality in his right vertebral artery and a suboptimal MRA (which was observed as recently during testing in March 2018).

34. His treatment consisted of open-heart surgery to replace an aortic valve in his heart and to replace his right descending aortic artery with a Teflon prosthesis. Because his right leg was substantially deprived of blood from the offset of his event around 9 pm on the evening of November 30, 2009 until the open-heart surgery was completed around 5 a.m. on December 1, 2009 he developed and continues to suffer from malperfusion of his right leg with loss of sensory and motor function.

35. Dr. Nimesh Desai, MD., PhD., is the cardiovascular surgeon that operated on Berg on December 1, 2009.

7

36. He is prepared to explain that there are now and were at the time of the alleged assault significant restrictions on Berg's ability to have physically exerted himself, and that Berg would be correct to have had concerns about a fatal medical incident were he to have exerted himself as Sabatino's testimony at the preliminary hearing necessarily indicated – even assuming Petitioner would have been physically able.

37. Dr. Kelly Anne Spratt, Berg's cardiologist, was and is able to testify that: she has examined Berg frequently since he became her patient in February 2010, shortly after his hospital discharge, until the present time. During this 8-1/2-year period she has examined him once or twice every year.

38. At various times during her treatment of Berg she has subjected him to stress tests; CT angiography of his chest, abdomen and pelvis, echocardiograms, electrocardiograms, and CT scans.

39. According to Dr. Spratt, Berg fatigues easily and even requires her help to mount the single step onto the examination table.

40. Dr. Spratt also states that Berg is under instruction to avoid stressful situations because of his hypertension and issues with the remaining dissection in the arch extending into his right carotid artery, and lifting restrictions for the same reasons.

8

41. Dr. Spratt is prepared to opine that Berg is not and has not been capable of holding a mature, healthy, struggling adult for any length of time and certainly not for five minutes. His state of health and lack of balance prohibit such activities.

42. Dr. Lauren Cordes Flynn, Berg's treating neurologist since 2016 is prepared to testify to substantially the same substance as Dr. Kelly. Moreover, she could have, and currently can, testify that Berg has limited balance capability and would not have been able to maintain his balance while assaulting Ms. Sabatino as she described at the preliminary hearing.

43. Further still, Ms. Kellie Brown, Berg's housekeeper from before and after Sabatino's allegations, sees Berg on a weekly basis. She too was, and is, able to testify that Berg's lack of balance and severe physical limitations affect his ability to exert himself physically. She can recall several instances in which Berg was unable to lift various items and dropped things he was trying to carry.

44. Even further still, Mrs. Maureen Berg wanted to testify at Berg's trial. In fact, prior counsel interviewed Mrs. Berg, Berg's wife, whose testimony would have been that she was upstairs in the laundry room about thirteen feet away from Berg and Sabatino in the mudroom on the first floor during

9

the entire interview (about ninety seconds) and heard nothing. Prior counsel did not prepare Mrs. Berg to testify.

45. Prior counsel was ineffective because he inadequately prepared and thus induced Berg to plead guilty because Berg was unable to present his crucially important medical defense.

46. "Where a claim is made of counsel's ineffectiveness for failing to call witnesses, it is the [petitioner's] burden to show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice to the [petitioner]. The mere failure to obtain an expert rebuttal witness is not ineffectiveness. [Petitioner] must demonstrate that an expert witness was available who would have offered testimony designed to advance a [petitioner's] cause...." *See, Commonwealth v. Treiber,* 121 A.3d 435, 454 (Pa. 2015).

47. Berg consistently asked prior counsel to investigate his defense that he was physically incapable of assaulting Ms. Sabatino.

48. The strength of the Commonwealth's case rested entirely on the credibility of Sabatino's oral statement to the investigating officer within hours of the alleged event because it was noted by that officer that she had no

10

disheveled clothing, no bruises, no torn clothing or any evidence of a physical struggle, as well as her preliminary hearing testimony where she described in great detail the efforts Berg went to assault her.

49. Dr. Desai; Dr. Flynn; Dr. Spratt; Ms. Brown; and Mrs. Berg's proposed testimony[1] would have definitively rebutted the notion that Berg is physically capable of assaulting anyone in the manner described in Sabatino's testimony at the preliminary hearing and would thus have caused a jury to acquit Berg.

50. In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a witness who might be capable of casting a shadow upon the Commonwealth's witness' truthfulness is ineffective assistance of counsel. *See, Commonwealth v. Twiggs*, 331 A.2d 440, 443 (Pa. 1975).

51. Thus, prior counsel had no reasonable basis for failing to contact Dr. Desai; Dr. Flynn; Dr. Spratt; Ms. Brown; or Mrs. Berg and for failing to call them as witnesses. *Accord, Commonwealth v. McCaskill*, 468 A.2d

---

[1] All of these witnesses could have and were willing to testify at trial. They are willing and able to testify at an evidentiary hearing in this case.

11

472 (Pa. Super. 1983) (counsel lacked reasonable basis for failing to call witness whose testimony would have aided the defense).

52. Prejudice is hereby pled. Had prior counsel secured these witnesses for trial, Berg would not have been induced to plead guilty. *Accord, Commonwealth v. Williams*, 141 A.3d 440 (Pa. 2016) (affirming grant of PCRA relief based on claim that counsel was ineffective for failing to call or consult with an appropriate expert witness).

53. Given the foregoing, counsel's advice to Berg to plead guilty was unreasonable. *Accord, Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed.2d 398 (2012)( [i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it). Prior counsel made no effort to explain to Berg what his chances at trial would be if Berg's desired defenses were put forth.

54. Berg need not prove that he would have been successful at trial, but rather, must merely show that there is a "reasonable probability" that a different outcome at the plea-bargaining stage would have occurred. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

55. The "reasonable probability" test is not a stringent one. *See Nix v. Whiteside*, 475 U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986)

12

(reasonable probability standard less demanding than preponderance standard).

56. There is a reasonable probability that the result of the plea-bargaining negotiations would have been different had trial counsel actually prepared for trial, as he was supposed to do. Rather than doing so, Berg was left with the reality that he would go to trial with an unprepared lawyer. Had counsel adequately prepared, Berg would have insisted on a trial in order to prove his innocence.

57. Given the foregoing, Berg is entitled to relief in the form of being permitted to withdraw his guilty plea and proceeding to trial.

### IV. STAY OF HABEAS PROCEEDINGS

58. Berg's PCRA petition was summarily dismissed by the court of Common Pleas without any analysis whatsoever.

59. Berg has appealed that decision.

60. The appeal is ongoing.

61. Since Berg is still in "custody" at this point, the instant Petition is timely and properly filed.

62. Given the pendency of Berg's state court litigation which will undoubtedly resolve after his probation expires, Berg requests that this Court STAY the instant proceedings until that litigation is resolved.

13

63. After Berg's state court litigation is resolved, he will move this Court to lift the stay and proceed with litigation related to the instant petition.

**V. CONCLUSION**

64. Prior counsel was hired to develop a defense and to proceed to trial on Berg's behalf. In fact, the morning of the guilty plea, Berg still believed that he was going to trial.

65. Berg repeatedly asked prior counsel to investigate the defense he wished to pursue.

66. Prior counsel ignored Berg because he wanted him to plead guilty rather than go to trial.[2]

67. A defendant is denied his Sixth Amendment right to counsel when he is faced with the choice of pleading guilty or going to trial with a lawyer who does not want to go to trial. *Accord, Commonwealth v. Lasko*, 14 A.3d 168 (Pa. Super. 2011).

68. Here, Berg was faced with this exact choice.

69. Given the foregoing, Berg was denied his Sixth Amendment right to effective assistance of counsel.

---

[2] Undersigned counsel has spoken with Mr. Benari. Mr. Benari advised that he did not pursue Berg's desired defense because his opinion is that force was not part of the crimes alleged.

14

**WHEREFORE,** Berg respectfully requests that this Court STAY the instant petition until the state court litigation is resolved, and once resumed, VACATE his judgment of sentence and order a new trial; or, in the alternative, an evidentiary hearing.

RESPECTFULLY SUBMITTED:

**MOSSER LEGAL, PLLC**
**Todd M. Mosser**
**ID NO. 87534**
**211 North 13th St., Suite 801**
**Philadelphia, PA 19107**
**215-567-1220**
**todd@mosserlegal.com**
**Counsel for Petitioner Berg**

3/20/19

15

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the

person and in the manner indicated below:

### SERVICE VIA FIRST CLASS MAIL

Delaware County Probation Department
6909 Ludlow St # 6, Upper Darby, PA 19082

**TODD M. MOSSER, Esquire**
PA ID No. 87534
211 North 13th St., Suite 801
Philadelphia, PA 19107
215-567-1220
todd@mosserlegal.com
For Petitioner Berg

3/20/19

16