# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN G. BERG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY PROBATION | : | |
| DEPARTMENT, *et al.* | : | NO. 19-1275 |

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Petition for Writ of Habeas Corpus, the Commonwealth's Answer, the other documents filed by the parties, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;

2. The Petition for a Writ of Habeas Corpus is **DISMISSED**, without an evidentiary hearing; and

3. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims. Consequently, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

_____
Mitchell S. Goldberg, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN G. BERG | : CIVIL ACTION |
| v. | : |
| DELAWARE COUNTY PROBATION DEPARTMENT, *et al.* | : NO. 19-1275 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

January 17, 2020

Presently before the court is a counseled Petition for a Writ of Habeas Corpus filed by John G. Berg ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner, who has completed his term of probation after a guilty plea and is a registered sex offender, seeks habeas relief based on a single claim of ineffective assistance of counsel. The Honorable Mitchell S. Goldberg referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the habeas petition be dismissed for lack of exhaustion.

## I. BACKGROUND

On October 25, 2017, Petitioner pleaded guilty to one count of indecent assault. Petition ("Pet.") at 4. He was sentenced to 18 months of probation and required to register as a sex offender. N.T. 10/2517 at 17. Petitioner's probation expired on April 25, 2019. *Commonwealth v. Berg*, CP-23-CR-6201-2016, slip op. at 1 (July 12, 2019) ("PCRA Ct. Op."). Petitioner did not file a direct appeal, however, on October 1, 2018, he sought relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. PCRA Ct. Op. at 2. He claimed that trial counsel was ineffective for allowing him to plead guilty despite having the viable defense of Petitioner's physical inability to commit the charged offense. *Id.* The PCRA court

denied relief on this claim. *Id.* at 2-7. Petitioner's appeal is pending in the Pennsylvania Superior Court. Resp. at 10.

On June 26, 2019, Petitioner filed the instant habeas petition, again asserting that trial counsel was ineffective for allowing him to plead guilty as a result of counsel's failure to investigate a viable defense, to wit, that Petitioner was physically unable to commit the charged offense. Pet. at 8, Counseled Petition at 9-10, 13. In response, the Commonwealth concedes that, although the Petition is timely, it's claim is unexhausted. This court agrees.

## II.     DISCUSSION

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek *allocatur* from the Pennsylvania Supreme Court in order to exhaust state remedies. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

Petitioner has not exhausted his state remedies, because his state court appeal is still pending in the Superior Court. *Lambert*, 387 F.3d at 233-34. The case should be dismissed, because, after completion of his appeal, Petitioner will still have an opportunity to file a timely habeas petition. Since he did not file a direct appeal, Petitioner's conviction became final on November 25, 2017, when the time to appeal expired. *See* Pa. R. App. P. 903(a). The habeas period of limitations, which began to run on that day, 28 U.S.C. § 2244(d)(1)(A), was tolled when Petitioner filed his timely PCRA petition, on October 1, 2018. 28 U.S.C. § 2244(d)(2). At that

2

point, 310 days of his habeas period of limitations already had expired, however, 55 unexpired days remained. Whenever Petitioner's PCRA appeal is completed, he will have 55 days to file a timely federal habeas petition.

### III. CONCLUSION

Petitioner's sole claim is unexhausted, however, he still has adequate time to file a timely habeas petition after he exhausts the claim. Reasonable jurists would not debate this court's procedural disposition of Petitioner's claim; therefore, a certificate of appealability should not issue for any claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

### RECOMMENDATION

**AND NOW,** this 17th day of January, 2020, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that Petitioner's unexhausted claim be **DISMISSED**, without an evidentiary hearing, and refiled at the conclusion of his PCRA appeal(s). Petitioner has not demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability for his claim.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to timely file objections may constitute a waiver of any appellate rights.

It be so **ORDERED.**

*Carol S. Wells*
CAROL SANDRA MOORE WELLS
United States Magistrate Judge

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1/21/2020

RE: BERG VS DELAWARE COUNTY PROBATION DEPARTMENT ET AL
CA No. 19-1275

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Wells, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

KATE BARKMAN
Clerk of Court

By: Joe Lavin, Deputy Clerk

cc: Counsel

Courtroom Deputy to Judge Goldberg

civ623 frm