UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John G. Berg
Petitioner                                                   :         No. 2:19-cv-01275-MSG
     VS.                                                     :
                                                             :
Delaware County Probation Department      :
Respondent

**PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECCOMMENDATIONS**

1.  Petitioner objects to the Magistrate's finding that the state court "reasonably concluded" that counsel did not render deficient performance. This conclusion is drawn from the Magistrate's finding that "the omitted evidence only applied to a dismissed charge" which the Magistrate characterized as a "state law determination."

    These conclusions are drawn from wholly unreasonable factual determinations. On the day Berg pleaded guilty, he was charged with: indecent assault (without consent); indecent assault (**forcible compulsion**); **unlawful restraint**; and false imprisonment. Thus, in the putative trial, **force** would have been squarely at issue. And, Sabatino's claims that Berg exerted force upon her would have been heard by the jury. Had Berg's witnesses testified, Sabatino's claims

1

would have been exposed as the fraudulent nonsense that they are. Berg begged his lawyer to investigate this defense, and in fact, **on the day of trial**, was operating under the assumption that he was going to trial and that counsel had prepared that defense.  When he learned that his counsel was woefully unprepared, Berg's options were either to plead guilty or go to trial without a defense.

It makes no difference that Berg was compelled to ultimately plead guilty to a charge that did not involve force.  *The salient inquiry is whether counsel's inaction caused Berg to enter that plea.*  Having learned on the day of trial that his lawyer was not prepared to rebut the notion that he used force, Berg had no option other than to plead guilty.  Essentially, the state court and the Magistrate have put the cart before the horse by retroactively applying the defense Berg wanted to proffer to the charge he pleaded guilty to and ignoring the fact that Berg's desired defense was to entirely discredit his accuser on all of the charges.

No factual record at all has been developed on the issue of what caused Berg to plead guilty, and that is the only question that needs to be answered.  Without answering that question, there is a factual gap in this record that has never been filled.

    Consequently, any finding that counsel acted "reasonably" necessarily springs from an unreasonable determination of the "facts" because the "facts" have not even been fully developed yet.  *Accord,* 28 U.S.C. § 2254(d)(2).  Had the Superior Court addressed this issue on the merits, it most certainly would have remanded this case for an evidentiary hearing to develop those facts.

2.  Berg objects to the Magistrate's recommendation that no certificate of appealability should issue.  Berg has made a substantial showing that jurists of reason could disagree with the resolution of his constitutional claims of trial counsel's ineffectiveness for advising him to plead guilty as a result of his failure to prepare for trial.  *See, Miller-El v. Cockrell*, 537 US 322 (2003).  In particular, given that neither the state courts nor the Magistrate have allowed for a complete factual record to be developed, no jurist has adequately considered Berg's claim, which, if viewed in the context of a properly developed record, has merit.

    Should this Court deny Berg his right to prove his claims, the Third Circuit should address the question of whether a defendant who pleads guilty as a result of his lawyer's inactions is forever barred from challenging that plea because the defense his lawyer forfeited

regarding *all* of the charges he was to go to trial on did not apply to the one charge that he was compelled to plead guilty to.  This would be a question of first impression in the appellate court.

**WHEREFORE,** Petitioner respectfully requests that this Court SUSTAIN his objections and order an evidentiary hearing.

                **RESPECTFULLY SUBMITTED:**

\_\_\_\_/s/ Todd M. Mosser_____
**MOSSER LEGAL, PLLC**
**Todd M. Mosser**
**ID NO. 87534**
**448 North 10th St., Suite 502**
**Philadelphia, PA 19123**
**215-567-1220**
**todd@mosserlegal.com**
**Counsel for Petitioner Berg**

6/16/21

## **CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving the foregoing document upon all parties via the e-filing system.

_____/s/ TMM_____

**TODD M. MOSSER, Esquire**
PA ID No. 87534
448 North 10th St., Suite 502
Philadelphia, PA 19123
215-567-1220
todd@mosserlegal.com
For Petitioner Berg

6/16/21