UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John G. Berg
Petitioner                                        :        No.  2:19-cv-01275-MSG
    VS.                                       :
                                                  :
Delaware County Probation Department    :
Respondent

---

**PETITIONER BERG'S POST-HEARING MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**

As a threshold matter, it should be noted that on the day the jury was to be picked in Berg's case, he was facing the following charges: indecent assault (without consent), indecent assault (forcible compulsion), unlawful restraint, and false imprisonment.  At the preliminary hearing in this matter, the complainant claimed that Berg used "force," "pulled me close to him tight;" and he "held me against him tight;" "very tight." See, N.T. 9/29/16 at 11-12.  She also claimed that she engaged in a physical struggle with Berg and that she could not escape from his grasp.  She testified that the encounter only ceased when Berg let her go after she promised him she would return later in the day.  See, N.T. 9/29/16 at 16.  She claimed the event could have lasted longer than five to ten minutes. See, N.T. 9/29/16 at 23.  She claimed that while Berg was restraining her he was simultaneously forcing her hands onto his genitals or was himself grabbing her

1

breasts and genitals.  In sum, the allegations in this care are that Berg forcefully assaulted this person.

Consequently, the Commonwealth's questioning at the hearing about whether Berg was capable of reaching out and poking someone was entirely irrelevant.  This case is not about a person who reached out and poked someone.  Rather, Berg is alleged to have committed a substantial amount of physical force.

As Dr. Spratt testified, Berg was simply not physically capable of doing what the complainant claims.  N.T. 4/13/22 at 15-18.   By the time the allegations were made in this case, Dr. Spratt had seen Berg at least twice a year for the prior six years.  N.T. 4/13/22 at 13.

Dr. Spratt served as Berg's treating physician.  Berg's physical health in 2016 was particularly poor.  Dr. Spratt described the aortic dissection that Berg had undergone and the lasting effects this life-threatening surgery had on Berg's physical abilities.  *Id* at 14-15. Notably, the loss of blood flow to his right leg had, by 2016 (and since then) caused Berg to have a severe immobility and a lack of balance- Berg cannot even get himself up or off an examination table. *Id*.  Berg has been under strict doctor's orders to avoid physically strenuous activity, lest he place his own life in danger. *Id*.

Consequently, Berg had an imminently reasonable defense to the charges he was facing. Indeed, Berg repeatedly told his lawyer, Mr. Benari, that he was physically incapable of assaulting the complainant. This is the defense that Berg wanted his lawyer to investigate and put forth. *Id* at 54.

The Commonwealth's position is apparently that Mr. Berg changed his mind and decided to forgo his medical defense. This requires a credibility determination *vis-à-vis* Berg's and Mr. Benari's testimony.

Mr. Berg was credible, Mr. Benari was not. Everything Mr. Berg testified to is corroborated by direct evidence in the form of the email exhibits admitted at the hearing. D-3 through D-8 are emails that Berg sent to Benari; D-3 through D-7 all specifically implore Benari to consider and investigate his medical defense. Berg's frustration with Benari's lack of responsiveness is encapsulated in D-8, whereby that point he had been relegated to communicating with Mr. Benari's associate.

Mr. Benari's testimony had the ring of un-truth. According to Mr. Benari, Berg did not ask him to contact any of his physicians. N.T. 4/13/22 at 28. D-3 through D-7 show that this is false. It was not until when Mr. Benari was confronted with these emails that his testimony evolved into claiming that he and Berg actually did discuss medical testimony many times and that it was a strategic

decision to not use a medical defense.  N.T. 4/13/22 at 30.[1]  According to Mr. Benari, this strategic decision was made without him ever having spoken to any of Berg's physicians or otherwise making any other inquiries about Berg's medical history.  *Id* at 30.[2]

Exhibit D-8 can be valuable in assessing this case.  In particular, this exhibit shows that on the morning of jury selection, both Benari and Berg thought there was going to be a trial in this case.  It also demonstrates that Berg was keenly aware that his lawyer was nowhere near ready to defend this case.  But Exhibit D-8 is also important because it shows Mr. Benari's penchant for being disingenuous.  He "didn't remember" who his own associate was, and "couldn't tell from this" (email) who Julia was.  Even though Benari specifically wrote that "Julia is forwarding these emails to me" he still couldn't "remember" who Julia was.  Perhaps realizing how incredulous that sounded, Benari's testimony evolved into saying something like "it's a fair assumption" that Julia worked for him.  Someone

---

[1] Benari claimed that he and Berg were "discussing the potential of calling the doctor." N.T. 4/13/22 at 30.  Benari said this less than five minutes after he told this Court that Berg never asked him to contact any of his physicians.  *Id* at 28.

[2] Benari fleetingly claimed that Berg gave him medical records, but then backtracked and muddied his response, concluding that he "got rid of the file" after five years.  *Id* at 30-31.  Berg's PCRA petition was filed in October 2018, and Benari knew that these very issues were alleged back then.  That Benari did nothing to refresh his own memory by April 2022 relative to allegations of his own ineffectiveness speaks volumes about his credibility.

who is being candid and telling the truth wouldn't have to go through these mental gymnastics to acknowledge the obvious.

Since the allegations in this case were made, Berg has been pleading for someone to listen to him and his doctors. He made the unfortunate decision to hire a lawyer who ignored him, and that caused him to have to chose between going to trial with an unprepared lawyer or accepting a plea. Dr. Spratt's and Berg's testimony should be deemed credible, and he should be afforded relief.

**RESPECTFULLY SUBMITTED:**

\_\_\_\_/s/ Todd M. Mosser_____
**MOSSER LEGAL, PLLC**
**Todd M. Mosser**
**ID NO. 87534**
**448 North 10th St., Suite 502**
**Philadelphia, PA 19123**
**215-567-1220**
**todd@mosserlegal.com**
**Counsel for Petitioner Berg**

5/27/22

## **CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving the foregoing document upon all parties via the e-filing system.

_____/s/ TMM_____

**TODD M. MOSSER, Esquire**
PA ID No. 87534
448 North 10th St., Suite 502
Philadelphia, PA 19123
215-567-1220
todd@mosserlegal.com
For Petitioner Berg

5/27/22